IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARIA J. RODRIGUEZ-JIMINEZ AS SURVIVOR OF JOSE GERARDO ALVAREZ-PICHARDO, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: |
| MARK ALLEN CHEADLE, MARTEN TRANSPORT LOGISTICS, LLC, MARTEN TRANSPORT SERVICES, LTD, MARTEN TRANSPORT, LTD, ACE AMERICAN INSURANCE COMPANY, ABC CORPORATION I and ABC CORPORATION II, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS, MARK ALLEN CHEADLE, MARTEN TRANSPORT LOGISTICS, LLC, MARTEN TRANSPORT SERVICES, LTD., MARTEN TRANSPORT, LTD., AND ACE AMERICAN INSURANCE COMPANY'S, BRIEF IN SUPPORT OF NOTICE OF REMOVAL**

COME NOW Defendants Mark Allen Cheadle, Marten Transport Logistics, LLC, Marten Transport Services, Ltd., Marten Transport, Ltd., and ACE American Insurance Company, (hereinafter referred to as "Defendants", "Defendant Cheadle", "Defendant Marten Transport Logistics", "Defendant Marten Transport Services", "Defendant Marten Transport", and "Defendant ACE American", respectively), by

and through their undersigned counsel, pursuant to 28 U.S.C. §§ 1332 and 1446, and file their Brief in Support of their Notice of Removal, and show to the Court as follows:

## PROCEDURAL BACKGROUND

1. The Plaintiff, Maria J. Rodriguez-Jiminez, as survivor of Joe Gerardo Alvarez-Pichardo, filed this action in the State Court of Clayton County, Georgia, on September 30, 2021, against Defendants Mark Allen Cheadle, Marten Transport Logistics, LLC, Marten Transport Services, Ltd., Marten Transport, Ltd., ACE American Insurance Company, ABC Corporation I and ABC Corporation II. (See Complaint and all other related Fulton County State Court filings attached hereto as Exhibit '1').

2. The Plaintiff's Complaint, *inter alia*, alleges that the Defendants are liable to the Plaintiff for death of the Plaintiff's husband as a result of an accident that occurred on October 12, 2019. (See Complaint, ¶ 24).

3. Complete diversity exists in this case between the Plaintiff, a Georgia citizen, and the Defendants. (See Plaintiff's Complaint, generally, ¶¶ 1-21).

4. Defendant Cheadle is a citizen and resident of the State of Florida. (See Plaintiff's Complaint ¶ 2).

5. Defendant Marten Transport Logistics is a Delaware corporation with

its principal place of business in Wisconsin.  (See Plaintiff's Complaint ¶ 6).[1]

6. Defendant Marten Transport Services is a Delaware corporation with its principal place of business in Wisconsin.  (See Plaintiff's Complaint ¶ 9).[2]

7. Defendant Marten Transport is a Delaware corporation with its principal place of business in Wisconsin.  (See Plaintiff's Complaint ¶ 12).[3]

8. Defendant ACE American is a Pennsylvania corporation with its principal place of business in Pennsylvania.  (See Plaintiff's Complaint ¶ 17).

9. In the Plaintiff's Complaint, the Plaintiff makes claim for wrongful death damages for the full value of the life of the Plaintiff's decedent.  (See Plaintiff's Complaint, ¶ 48).

10. Plaintiff's Complaint also seeks recovery for attorneys' fees and expenses for bad faith.  (See Plaintiff's Complaint, ¶ 51).

11. Prior to the filing of the Plaintiff's Complaint, counsel for the Plaintiff tendered to the undersigned counsel for the Defendants a settlement demand for Seventy-Five Million Dollars ($75,000,000.00).  (See Plaintiff's demand attached

---

[1] Plaintiff's Complaint incorrectly states that Defendant Marten Transport Logistics is a corporation organized under the law of Ohio, but the Georgia Secretary of State correctly notes that it is organized under the laws of the State of Delaware.  See Exhibit '2'.
[2] Plaintiff's Complaint incorrectly states that Defendant Marten Transport Services is a corporation organized under the law of Ohio, but the Georgia Secretary of State correctly notes that it is organized under the laws of the State of Delaware.  See Exhibit '3'.
[3] Plaintiff's Complaint incorrectly states that Defendant Marten Transport is a corporation organized under the law of Ohio, but the Georgia Secretary of State correctly notes that it is organized under the laws of the State of Delaware.  See Exhibit '4'.

hereto as Exhibit '5').

12. This Notice of Removal is filed by this Defendant within thirty (30) days from the date on which this action became removable and within one year of the filing of the Plaintiff's Complaint.

13. Defendants represent to this Honorable Court that true and correct copies of all process, pleadings, orders served by or upon the Defendants in this case are attached in conformity with the requirements of 28 U.S.C. § 1446(a). (See Exhibit '1'). Defendants further represent to this Court that there are no other process, pleadings or orders properly served upon the Defendants to date in this case that have not been attached hereto.

14. Defendants represent to this Honorable Court that written notice of the filing of this Notice of Removal and a copy of this Notice of Removal have been served upon the Plaintiff, by and through her counsel of record, contemporaneous with this filing. (See Notice of Filing of Notice of Removal served contemporaneously herewith, a true and correct copy of which is attached hereto as Exhibit '6').

15. The United States District Court for the Northern District of Georgia, Atlanta Division, is the Court and division embracing the place where this action is pending in the State Court of Fulton County. No Defendant heretofore has sought

similar relief in this action.

16. Defendant Cheadle has prepared an Answer to the Plaintiff's Complaint. (See Defendant Cheadle's proposed Answer to the Plaintiff's Complaint, Exhibit '6').

17. Defendant Marten Transport Logistics has prepared an Answer to the Plaintiff's Complaint. (See Defendant Marten Transport Logistics' proposed Answer to the Plaintiff's Complaint, Exhibit '7').

18. Defendant Marten Transport Services has prepared an Answer to the Plaintiff's Complaint. (See Defendant Marten Transport Services' proposed Answer to the Plaintiff's Complaint, Exhibit '8').

19. Defendant Marten Transport has prepared an Answer to the Plaintiff's Complaint. (See Defendant Marten Transport's proposed Answer to the Plaintiff's Complaint, Exhibit '9').

20. Defendant ACE American has prepared an Answer to the Plaintiff's Complaint. (See Defendant ACE American's proposed Answer to the Plaintiff's Complaint, Exhibit '10').

## ARGUMENT AND CITATION OF AUTHORITY

**A. This Court Has Original Jurisdiction Of This Cause Of Action Pursuant To 28 U.S.C. § 1332 And Is Removable According To 28 U.S.C. § 1441.**

This cause of action is properly removable under 28 U.S.C. § 1441(a) and (b)

because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part:

> "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States…"

See 28 U.S.C. § 1332(a).

Defendants show this Honorable Court that complete diversity exists among the Plaintiff and the Defendants and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### 1. There is complete diversity.

It is undisputed that there is complete diversity among the parties in this cause of action. Complete diversity exists in this case between the Plaintiff, a Georgia citizen, and the Defendants. (See Plaintiff's Complaint, generally, ¶¶ 1-21). Defendant Cheadle is a citizen and resident of the State of Florida. (See Plaintiff's Complaint ¶ 2). Defendant Marten Transport Logistics is a Delaware corporation with its principal place of business in Wisconsin. (See Plaintiff's Complaint ¶ 6). Defendant Marten Transport Services is a Delaware corporation with its principal place of business in Wisconsin. (See Plaintiff's Complaint ¶ 9). Defendant Marten Transport is a Delaware corporation with its principal place of business in Wisconsin. (See Plaintiff's Complaint ¶ 12). Defendant ACE American is a

Pennsylvania corporation with its principal place of business in Pennsylvania. (See Plaintiff's Complaint ¶ 17).

Accordingly, complete diversity exists in this cause of action such that removal is proper.

### 2. The amount in controversy exceeds $75,000.00.

In the Plaintiff's Complaint the Plaintiff, the Plaintiff makes claim for wrongful death damages for the full value of the life of the Plaintiff's decedent. (See Plaintiff's Complaint, ¶ 48). Plaintiff's Complaint also seeks recovery for attorneys' fees and expenses for bad faith. (See Plaintiff's Complaint, ¶ 51). Prior to the filing of the Plaintiff's Complaint, counsel for the Plaintiff tendered to the undersigned counsel for the Defendants a settlement demand for Seventy-Five Million Dollars ($75,000,000.00). (See Plaintiff's demand attached hereto as Exhibit '5'). Accordingly, the Defendants assert that the minimum amount in controversy has clearly been met in the instant case.

### B. Defendants Have Sought Removal Within Thirty (30) Days from the Date in Which the Case Became Removable.

A party must file a notice of removal of a civil action within thirty (30) days after the receipt of the initial pleading pursuant to 28 U.S.C. § 1446(b). It is well settled that the defendant bears the burden of establishing that federal jurisdiction exists when the defendant seeks to remove a case to federal court. Williams v. Best

Buy Co., Inc., 269 F. 3d 1316 (11th Cir. 2001). The defendant seeking removal based on diversity jurisdiction must therefore establish diversity of citizenship and prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332.

As of this filing, all of the Defendants have been served less than 30 days prior to the filing of this Notice of Removal. (See Sheriff's Entry of Service as to the Defendants which is included as part of Exhibit '1'). Thus, at this time, there is complete diversity because the Plaintiff is a Georgia citizen and the Defendants are all foreign citizens or corporations with principal places of business outside the State of Georgia. The Plaintiff's demand, which seeks $75,000,000.00, shows that the amount in controversy requirement is met. Therefore, the Defendants assert that the diversity of citizenship and the amount in controversy requirements for removal are clearly satisfied, thus making this case properly removable at this time.

## CONCLUSION

There is complete diversity of citizenship between the parties to this action, the amount in controversy has been established by a preponderance of the evidence and this case is being removed within thirty (30) days of the Plaintiff's service of her Complaint upon the Defendants. Accordingly, this case is properly removed to the United States District Court for the Northern District of Georgia, Atlanta

Division.

WHEREFORE, the Defendants assert that pursuant to 28 U.S.C. § 1446 they have sought removal within thirty (30) days from the moment the action became removable. Accordingly, the Defendants respectfully request that this Court find that the amount in controversy has been satisfied and that jurisdiction is proper for this Court pursuant to 28 U.S.C. § 1332 and 1446. The Defendants further request that this Court enter an Order REMOVING this action from the State Court for the County of Clayton, State of Georgia, where it is now pending, to the United States District Court for the Northern District of Georgia, Atlanta Division.

This the 1st day of November, 2021.

                                                                                           Shires, Peake & Gottlieb, LLC

                                                                                            */s/ Kevin T. Shires*_____
                                                                                            Kevin T. Shires, Esq.
                                                                                            Georgia Bar No.: 643290
                                                                                            Loren A. Rafferty, Esq.
                                                                                            Georgia Bar No.: 678355

Shires, Peake & Gottlieb, LLC
284 N. Main Street
Alpharetta, Georgia 30009
(678) 940-4413 (Direct)
(678) 940-4420 (Fax)
KShires@spgattorneys.com
LRafferty@spgattorneys.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by:

_____x_____    Electronically filing this document with CM/ECF which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

_____x_____    Electronically serving this document via email pursuant to O.C.G.A. § 9-11-5 (F) and/or U.S.C.R. 36.16(E) as follows:

Richard T. Taylor, Esq.
Raye Ann Viers, Esq.
Taylor & Viers, P.C.
2620 Buford Highway
Atlanta, Georgia 30324

Ruben J. Cruz, Esq.
Cruz & Associates, P.C.
2620 Buford Highway
Atlanta, Georgia 30324

This 1st day of November, 2021.

              Shires, Peake & Gottlieb, LLC

              */s/ Kevin T. Shires*
              Kevin T. Shires
              State Bar No.: 643290

Shires, Peake & Gottlieb, LLC
284 N. Main Street
Alpharetta, Georgia 30009
(678) 940-4413 (Direct)
(678) 940-4420 (Fax)
KShires@spgattorneys.com